UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANGEL LUDIZACA, a/k/a ANGEL REMACHE, and
CLEBER LUDIZACA, a/k/a RODRIGO REMACHE,
individually and on behalf of other persons similarly situated,

                              Plaintiffs,

-against-

GFB RESTAURANT CORP., d/b/a "IL MULINO"
RESTAURANT, JERRY KATZOFF, and BRIAN
GALLIGAN,

                              Defendants.

ECF Case

Case No.: 13-cv-9180(RA)(MHD)

**COMPLAINT**
**COLLECTIVE ACTION**

---

        Plaintiffs, Angel Ludizaca, a/k/a Angel Remache, and Cleber Ludizaca, a/k/a

Rodrigo Remache, individually and on behalf of other persons similarly situated

(collectively "Plaintiffs"), by their attorneys, Conover Law Offices, for their complaint

against defendants, GFB Restaurant Corp., d/b/a "Il Mulino" Restaurant, Jerry Katzoff,

and Brian Galligan (collectively "Defendants"), respectfully allege as follows:

## <u>NATURE OF ACTION</u>

        1.      This is a FLSA collective and class action for damages against defendants

to recover unpaid minimum wages, overtime wages, and spread of hours compensation,

under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA") and

New York Labor Law §§ 162, 190 *et seq.*, 193, 198, 650 *et seq.* and 663, as amended by

the Wage Theft Prevention Act of 2011, 12 N.Y.C.R.R. § 142.

## JURISDICTION AND VENUE

2.      The jurisdiction of this Court over this controversy is invoked pursuant to

28 U.S.C. §1331 and 42 U.S.C. §2000e *et seq*., and the Court's pendent jurisdiction is

invoked for claims arising under state statutory and/or common law.

3.      Venue in the Southern District of New York is appropriate under 28

U.S.C. § 1391(b) is appropriate because a substantial part of the events or omissions

giving rise to the claims occurred in the Southern District of New York.

## THE PARTIES

4.      Plaintiff Angel Ludizaca resides in Queens, New York and was employed

by defendants as a dishwasher and cook from 2002 to the present.

5.      Plaintiff Cleber Ludizaca resides in Queens, New York and was employed

by defendants as a cook from 2004 to the present.

6.      Upon information and belief, defendant GFB Restaurant Corp., d/b/a Il

Mulino ("Il Mulino"), is a corporation organized and existing under the laws of New

York, authorized to do business in New York, and owns and operates Il Mulino, a

restaurant located at 86 West Third Street, New York, New York 10012.

7.      Defendant Jerry Katzoff ("Katzoff") is an individual engaged in business

in the City and County of New York, is an owner and Managing Partner of Il Mulino,

and is sued individually in his capacity as an owner, officer and/or agent of Il Mulino.

8.      Defendant Brian Galligan ("Galligan") is an individual engaged in

business in the City and County of New York, is an owner and Managing Partner of Il

Mulino, and is sued individually in his capacity as an owner, officer and/or agent of Il

Mulino.

9.      Defendants exercise sufficient control over Il Mulino's operations to be considered plaintiffs' and other similarly situated employees' employers under the FLSA and NYLL, have the power to hire and fire plaintiffs, controlled plaintiffs' terms and conditions of employment and, at all relevant times, established and implemented the pay practices at Il Mulino.

10.     Upon information and belief, defendants operate two restaurants located in New York City, including the aforementioned Il Mulino Downtown and Il Mulino Uptown, located at 37 East 60th Street, New York, New York 10021 (collectively referred to as "Il Mulino").

11.     At all relevant times, Il Mulino was and is "an enterprise engaged in commerce" within the meaning of the FLSA and, upon information and belief, Il Mulino's annual gross volume of sales made or business done was, and is, not less than $500,000.

## FACTS

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

12.     Plaintiffs bring this action as a collective action pursuant to FLSA on behalf of those non-managerial employees who elect to opt-in to this action (the "FLSA Collective") and pursuant to Fed. R. Civ. P. Rule 23, on behalf of a class of all past, present and future non-managerial employees of defendant Il Mulino except those who elect to opt out of this action (the "Plaintiffs" or "Class").

13.     Beginning in or about 2007 until the present, defendants employed the plaintiffs and other members of the Class and FLSA Collective to perform work as dishwashers and cooks performing similar kitchen work and food preparation tasks.

14.     Upon information and belief, during the period from 2007 through the present, defendants employed more than 20 similarly situated persons in a similar capacity, comprising the putative class.

15.     The putative class is so numerous that joinder of all members is impracticable.

16.     The names of all potential members of the putative class are not known or knowable without defendants' records or discovery.

17.     Plaintiffs and all members of the putative class constitute "employees" as that term is defined under 29 U.S.C. § 203(e), New York Labor Law § 651, and case law interpreting these statutes.

18.     The payments made to plaintiffs and other members of the putative class by defendants constitute wages as that term is defined under FLSA and NYLL.

19.     Common questions of law and fact predominate in this action including, but not limited to, the following:

    a.  whether defendants failed to pay the statutory minimum wage;

    b.  whether defendants failed to pay overtime wages at the rate of one and one half times the regular rate of pay for all hours worked in excess of 40 hours in any given week;

    c.  whether defendants failed to pay spread of hours compensation, at one addition hour's pay at the regular rate for all days plaintiffs worked more than 10 hours;

    d.  whether defendants failed to afford employees who worked at least a six hour shift no less than a 30 minute break;

    e.   whether defendants kept adequate and proper records;

    f.   whether defendants created, maintained, condoned, encouraged and/or tolerated a hostile work environment;

    g.   whether defendants retaliated against plaintiffs and/or the Class for asserting their rights to compensation under the law; and

    h.   whether defendants may be liable for compensatory damages and/or punitive damages and the amount of such damages.

20.    Adjudications with respect to individual members of the Class would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudication.

21.    Individual litigation of these claims would be entirely impractical and would impair the ability of Class members to protect their interests.

22.    Angel and Cleber Ludizaca are members of the Class and their claims are typical of those of the Class, and they will fairly and adequately protect the interests of the Class.

23.    Angel and Cleber Ludizaca's interests do not conflict with those of the Class.

24.    Angel and Cleber Ludizaca will fairly and adequately represent the Class, and have retained competent counsel experienced in class action litigation.

25.    Angel and Cleber Ludizaca are not aware of any other proceeding arising out of the issues in this action.

26.    This Court is the appropriate forum for the instant action as defendants have their headquarters in this District, and all activities at issue took place here.

27.     Angel and Cleber Ludizaca anticipate no difficulty in the management of this class action.

28.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

29.     The Class members have been damaged and are entitled to recovery as a result of defendants' common, uniform, unlawful, and unfair personnel policies and practices.

30.     Defendants have computerized payroll and personnel data that will make calculation of damages for specific Class members relatively simple.

31.     The propriety and amount of compensatory and punitive damages are issues common to the Class.

32.     Plaintiffs collectively bring the claims in this Complaint arising out of the FLSA on behalf of themselves and similarly situated persons who are current and former employees of Il Mulino since the date three years prior to the stipulated tolling period beginning June 13, 2013 for Kitchen Employees who elect to opt-in to this action.

33.     Upon information and belief, the FLSA Collective consists of over twenty (20) similarly situated current and former employees of Il Mulino who have been victims of defendants' common policy and practices in violation of their rights under the FLSA by, *inter alia*, willfully denying them minimum wage, overtime, and other wages.

34.     As part of its regular business practice, defendants have intentionally, willfully, and repeatedly harmed plaintiffs, the Class, and the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL, which policy and pattern or practice includes the following:

a.   Failing to pay employees the minimum wage for all hours worked;

b.   failing to pay employees the applicable overtime rate for all time worked in excess of forty (40) hours per week;

c.   failing to pay employees spread-of-hours compensation of one hour's pay at the minimum wage for each day in which their workday spanned more than 10 hours; and

d.   making unlawful deductions from employees' wages to cover breakage and other overhead expenses.

35.   Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.

36.   Defendants unlawful conduct has been intentional, willful, and in bad faith, and has caused significant damage to the plaintiffs, the Class, and the FLSA Collective.

37.   The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the lawsuit. Those similarly situated employees are known to Il Mulino, are readily identifiable, and locatable through Il Mulino's records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. §216(b).

38.   As a standard practice, Il Mulino failed to pay statutory minimum wage to plaintiffs and similarly situated employees for all hours worked up to and including 40 hours per week.

39.   As a standard practice, Il Mulino and failed to pay overtime to plaintiffs, the Class and the FLSA Collective for all hours worked in excess of 40 hours. The exact

accounting of how many hours were inadequately compensated can only be determined for each plaintiff and the FLSA Collective upon completion of discovery.

40.     As a standard policy and practice, Il Mulino failed to afford employees who worked shifts in excess of six hours a 30-minute break, in violation of the NYLL § 162.

41.     Plaintiffs and other similarly situated employees regularly worked more than 10 hours in a workday and were not compensated at the rate of one additional hour's pay at the minimum wage for each such day.

42.     The exact accounting of spread-of-hours violations can only be determined for each plaintiff and the Class upon completion of discovery.

43.     Until on or about June 2011, there were no signs at Il Mulino informing plaintiffs of federal or New York State minimum wage, overtime, and spread of hours laws or employees' rights under the laws. Therefore, plaintiffs were not given effective notice of these laws.

**Angel Ludizaca**

44.     In or about 2002, plaintiff, Angel Ludizaca, was hired as a dishwasher at Il Mulino.

45.     In or about 2010, Angel Ludizaca was promoted to cook.

46.     Angel Ludizaca was paid below minimum wage at all relevant times.

47.     From June 2007 through the present, Angel Ludizaca worked in excess of 40 hours per week, but was not paid statutory overtime pay for overtime hours worked.

48.     From June 2007 through the present, Angel Ludizaca regularly worked in excess of 10 hours per day, but was not paid statutory spread of hours pay.

49.     From June 2007 through the present, Angel Ludizaca regularly worked shifts in excess of six hours, yet defendants failed to provide him with a 30 minute break for meals or any other breaks.

50.     Upon information and belief, defendants engaged in a pattern and practice of willfully failing to pay Il Mulino employees minimum wage, overtime, and spread of hours pay and failing to provide statutory breaks.

**Cleber Ludizaca**

51.     In or about July 2004, plaintiff, Cleber Ludizaca, was hired as a cook at Il Mulino.

52.     Cleber Ludizaca was paid below minimum wage at all relevant times.

53.     From June 2007 through the present, Cleber Ludizaca worked in excess of 40 hours per week, but was not paid statutory overtime pay for overtime hours worked.

54.     From June 2007 through the present, Cleber Ludizaca regularly worked in excess of 10 hours per day, but was not paid statutory spread of hours pay.

55.     From June 2007 through the present, Cleber Ludizaca regularly worked shifts in excess of six hours, yet defendants failed to provide him with a 30 minute break for meals or any other breaks.

56.     Upon information and belief, defendants engaged in a pattern and practice of willfully failing to pay Il Mulino employees minimum wage, overtime, and spread of hours pay and failing to provide statutory breaks.

<u>**FIRST CLAIM FOR RELIEF**</u>
<u>**FLSA MINIMUM WAGE COMPENSATION**</u>

57.     Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1-56 as if fully set forth herein.

58.     This claim is brought individually on behalf of the named plaintiffs as well as on behalf of the FLSA Collective.

59.     The FLSA requires that employers pay all employees a minimum wage for all hours worked weekly up to 40 hours, unless they are exempt from coverage.

60.     Throughout the statute of limitations period covered by these claims, defendants knowingly and willfully failed to pay plaintiffs and the FLSA Collective the minimum wages for the actual hours they worked in violation of the FLSA.

61.     Defendants willfully and intentionally failed to compensate plaintiffs at minimum wage for all hours worked up to 40 hours.

62.     As a result of defendants' willful and unlawful violations of the FLSA, plaintiffs and the FLSA Collective are entitled to recover their unpaid wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

## SECOND CLAIM FOR RELIEF
## NYLL MINIMUM WAGE COMPENSATION

63.     Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1-62 as if fully set forth herein.

64.     This claim is brought individually on behalf of the named plaintiffs as well as on behalf of the Class.

65.     Defendants failed to pay plaintiffs and the Class the minimum wage to which they are entitled under the NYLL for all hours worked weekly up to 40 hours in violation of NYLL § 652.

66.     Throughout the statute of limitations period covered by these claims, defendants knowingly and willfully failed to pay plaintiffs and the Class the minimum wages for the actual hours they worked in violation of the NYLL § 663.

67.     As a result of defendants' willful and unlawful violations of the NYLL, plaintiffs and the Class are entitled to recover their unpaid wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

### THIRD CLAIM FOR RELIEF
### FLSA OVERTIME WAGES

68.     Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1-67 as if fully set forth herein.

69.     This claim is brought individually on behalf of the named plaintiffs and the FLSA Collective.

70.     The FLSA requires that employers pay all employees one and one-half times their regular rate of pay for all hours worked in excess of 40 hours during any work week pursuant to 29 U.S.C. § 207 *et seq.*

71.     Defendants violated the FLSA by failing to compensate plaintiffs and the FLSA Collective for overtime wages.

72.     Defendants willfully and intentionally failed to compensate plaintiffs and the FLSA Collective for overtime wages.

73.     As a result of defendants' willful and unlawful violations of the FLSA, plaintiffs and the FLSA Collective are entitled to recover their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

**FOURTH CLAIM FOR RELIEF**
**NYLL OVERTIME WAGES**

74.     Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1-73 as if fully set forth herein.

75.     This claim is brought individually on behalf of the named plaintiffs and the Class.

76.     The NYLL requires that employers pay employees one and one-half times their regular rate of pay for all hours worked in excess of 40 hours during any work week.

77.     Defendants violated the NYLL by failing to compensate plaintiffs and the Class for overtime wages.

78.     Defendants willfully and intentionally failed to compensate plaintiffs and the Class for overtime wages.

79.     As a result of defendants' willful and unlawful violations of the NYLL, plaintiffs and the Class are entitled to recover their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

**FIFTH CLAIM FOR RELIEF**
**NYLL UNLAWFUL DEDUCTIONS**

80.     Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1-79 as if fully set forth herein.

81.     This claim is brought individually on behalf of the named plaintiffs as well as on behalf of the Class.

82.     NYLL § 193 prohibits employers from making any deductions from an employee's wages except for those permitted by law.

12

83.     Defendants willfully and intentionally made unlawful deductions from the wages of employees to cover breakage during a shift and/or expenses.

84.     As a result of defendants' willful and unlawful violations of the NYLL, plaintiffs and the Class are entitled to recover their unpaid wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

## SIXTH CLAIM FOR RELIEF
## NEW YORK SPREAD OF HOURS

85.     Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1-84 as if fully set forth herein.

86.     This claim is brought individually on behalf of the named plaintiffs as well as on behalf of the Class.

87.     Defendants willfully and intentionally failed to compensate plaintiffs with an additional one hour's pay at the full minimum wage for each day their workday exceeded 10 hours, as required under New York Labor Law § 650 *et seq*. and 12 N.Y.C.R.R. § 137-1.7.

88.     As a result of defendants' willful and unlawful violations of the NYLL, plaintiffs and the Class are entitled to recover their unpaid wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

**WHEREFORE**, plaintiffs respectfully request that the Court enter judgment in plaintiffs' favor and against defendants, containing the following relief:

A.     On all Claims for Relief, an award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate plaintiffs for all monetary and/or economic damages, including but not limited to, the loss of past and future income, wages, compensation, seniority and other benefits of employment;

C.     On all Claims for Relief, an award of damages for any and all other

monetary and/or non-monetary losses suffered by plaintiff in an amount to be determined

at trial, plus prejudgment interest;

D.     On all Claims for Relief, an award of punitive and/or liquidated damages;

E.     On all Claims for Relief, an award of costs that plaintiffs have incurred in

this action, and plaintiffs' reasonable attorneys' fees to the fullest extent permitted by

law;

F.     On all Claims for Relief, that this Court issue an order: 1) certifying this

action as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure;

2) designating plaintiffs as representatives of the class; 3) designating the undersigned

counsel as counsel for the class;  4) directing an audit of defendants books and records to

determine the names and addresses of their employees and payroll information; 5)

notifying the putative class of this action and their rights; and 6) entering judgment in

favor of plaintiff class and against defendants; and

G.     On all Claims for Relief, such other and further relief as the Court may

deem just and proper.

## PLAINTIFFS HEREBY DEMAND TRIAL BY JURY
## ON ALL CLAIMS FOR RELIEF

Dated: New York, New York
       December 30, 2013

CONOVER LAW OFFICES
Attorneys for Plaintiffs

By:

Bradford D. Conover, Esq.
Molly Smithsimon, Esq.
345 Seventh Avenue, 21st Floor
New York, NY  10001
(212) 588-9080
brad@conoverlaw.com
molly@conoverlaw.com

14