UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANGEL LUDIZACA, a/k/a ANGEL REMACHE, and CLEBER LUDIZACA, a/k/a RODRIGO REMACHE, individually and on behalf of other persons similarly situated,<br><br>     *Plaintiffs*,<br><br> -against-<br><br>GFB RESTAURANT CORP., d/b/a "IL MULINO" RESTAURANT, JERRY KATZOFF, and BRIAN GALLIGAN,<br><br>     *Defendants.* | Case No.: 13 Civ. 9180 (RA)<br><br>ECF CASE<br><br>**ANSWER TO COMPLAINT** |

Defendants GFB Restaurant Corp. ("GFB"), Jerry Katzoff, and Brian Galligan (collectively, "Defendants"), by undersigned counsel, for their answer to the Complaint of Plaintiffs Angel Ludizaca a/k/a Angel Remache and Cleber Ludizaca a/k/a Rodrigo Remache (collectively, "Plaintiffs") in the above-captioned action (the "Complaint") state as follows:

**NATURE OF THE ACTION**

1. Do not dispute the allegations contained in paragraph 1 of the Complaint that Plaintiffs have purported to bring a collective action pursuant to the Fair Labor Standards Act ("FLSA") and a class action pursuant to Fed. R. Civ. P. Rule 23, but do not waive the right to challenge the propriety of a collective action or class action in this lawsuit.

**JURISDICTION AND VENUE**

2. The allegations contained in paragraph 2 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, admit that Plaintiffs are seeking jurisdiction, as stated in the allegations.

3. The allegations contained in paragraph 3 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, deny the allegations, except admit that GFB does business as Il Mulino New York, a restaurant located at 86 West Third Street, New York, New York, which is within this District.

## THE PARTIES

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint, except admit that Angel Ludizaca has been employed by GFB since October 5, 2002, that he initially worked as a dishwasher, and that he was promoted to prep cook on March 28, 2011.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint, except admit that Cleber Ludizaca has been employed by GFB since June 2004, that he initially worked as a dishwasher, and that he was promoted to prep cook on July 4, 2011.

6. Deny the allegations contained in paragraph 6 of the Complaint, except admit that GFB is a New York corporation and is authorized to do business in New York.

7. Deny the allegations contained in paragraph 7 of the Complaint, except admit that Katzoff has an ownership interest in an entity that has an ownership interest in GFB.

8. Deny the allegations contained in paragraph 8 of the Complaint, except admit that Galligan has an ownership interest in an entity that has an ownership interest in another entity that has an ownership interest in GFB.

9. The allegations contained in paragraph 9 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, deny the allegations.

10. Deny the allegations contained in paragraph 10 of the Complaint, except admit that GFB does business as Il Mulino New York, a restaurant located at 86 West Third Street, New York, New York.

11. The allegations contained in paragraph 11 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, GFB's revenue for the years 2007 through 2013 was not less than $500,000.00.

## FACTS

### COLLECTIVE AND CLASS ACTION ALLEGATIONS

12. Do not dispute the allegations contained in paragraph 12 of the Complaint that Plaintiffs have purported to bring a collective action pursuant to the FLSA and a class action pursuant to Fed. R. Civ. P. Rule 23, but do not waive the right to challenge the propriety of a collective action or class action in this lawsuit.

13. Deny the allegations contained in paragraph 13 of the Complaint.

14. Deny the allegations contained in paragraph 14 of the Complaint.

15. Deny the allegations contained in paragraph 15 of the Complaint.

16. Deny the allegations contained in paragraph 16 of the Complaint.

17. The allegations contained in paragraph 17 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, deny the allegations, except admit that GFB employs Angel Ludizaca and Cleber Ludizaca.

18. The allegations contained in paragraph 18 of the Complaint constitute legal conclusions to which no response is required.

19. The allegations contained in paragraph 19 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, deny the allegations.

20. Deny the allegations contained in paragraph 20 of the Complaint.

21. Deny the allegations contained in paragraph 21 of the Complaint.

22. Deny the allegations contained in paragraph 22 of the Complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint.

24. Deny the allegations contained in paragraph 24 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiffs "have retained competent counsel experienced in class action litigation."

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint.

26. The allegations contained in paragraph 26 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, deny the allegations, except admit that GFB does business as Il Mulino New York, a restaurant that is located within this District.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint.

28. Deny the allegations contained in paragraph 28 of the Complaint.

29. Deny the allegations contained in paragraph 29 of the Complaint.

30. Deny the allegations contained in paragraph 30 of the Complaint, except admit that GFB has certain computerized payroll and personnel data.

31. Deny the allegations contained in paragraph 31 of the Complaint, except admit whether a purported class member is entitled to compensatory or punitive damages is at issue in this lawsuit.

32. Do not dispute the allegations contained in paragraph 32 of the Complaint that Plaintiffs have purported to bring a collective action pursuant to the FLSA, but deny that any tolling periods apply to all potential class members. Defendants do not waive the right to challenge the propriety of a collective action in this lawsuit.

33. Deny the allegations contained in paragraph 33 of the Complaint.

34. Deny the allegations contained in paragraph 34 of the Complaint.

35. Deny the allegations contained in paragraph 35 of the Complaint.

36. Deny the allegations contained in paragraph 36 of the Complaint.

37. No factual allegations requiring a response are contained in the first sentence of paragraph 37 of the Complaint. Deny the second sentence of paragraph 37 of the Complaint, except admit that GFB possesses records related to cooks and dishwashers that work at the restaurant Il Mulino New York. The allegations contained in the third sentence of paragraph 37 constitute legal conclusions to which no response is required. To the extent any response is required, deny the allegations.

38. Deny the allegations contained in paragraph 38 of the Complaint.

39. Deny the allegations contained in paragraph 39 of the Complaint.

40. Deny the allegations contained in paragraph 40 of the Complaint.

41. Deny the allegations contained in paragraph 41 of the Complaint.

42. Deny the allegations contained in paragraph 42 of the Complaint.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint.

**Angel Ludizaca**

44. Deny the allegations contained in paragraph 44 of the Complaint, except admit that except admit that Angel Ludizaca was hired by GFB on October 5, 2002 to be a dishwasher at the restaurant Il Mulino New York.

45. Deny the allegations contained in paragraph 45 of the Complaint, except admit that Angel Ludizaca was promoted to prep cook on March 28, 2011.

46. Deny the allegations contained in paragraph 46 of the Complaint.

47. Deny the allegations contained in paragraph 47 of the Complaint.

48. Deny the allegations contained in paragraph 48 of the Complaint.

49. Deny the allegations contained in paragraph 49 of the Complaint.

50. Deny the allegations contained in paragraph 50 of the Complaint.

**Cleber Ludizaca**

51. Deny the allegations in paragraph 51 of the Complaint, except admit that Cleber Ludizaca was hired by GFB in June 2004 to be a dishwasher at the restaurant Il Mulino New York.

52. Deny the allegations contained in paragraph 52 of the Complaint.

53. Deny the allegations contained in paragraph 53 of the Complaint.

54. Deny the allegations contained in paragraph 54 of the Complaint.

55. Deny the allegations contained in paragraph 55 of the Complaint.

56. Deny the allegations contained in paragraph 56 of the Complaint.

## FIRST CLAIM FOR RELIEF
## FLSA MINIMUM WAGE COMPENSATION

57. In response to paragraph 57 of the Complaint, Defendants repeat and reallege each of their responses to paragraphs 1 through 56 above.

58. Do not dispute the allegations contained in paragraph 58 of the Complaint that Plaintiffs have purported to bring a collective action pursuant to FLSA, but do not waive the right to challenge the propriety of a collective action in this lawsuit.

59. The allegations contained in paragraph 59 of the Complaint constitute legal conclusions to which no response is required.

60. Deny the allegations contained in paragraph 60 of the Complaint.

61. Deny the allegations contained in paragraph 61 of the Complaint.

62. The allegations contained in paragraph 62 of the Complaint constitute legal conclusions to which no response is required.  To the extent any response is required, deny the allegations.

## SECOND CLAIM FOR RELIEF
## NYLL MINIMUM WAGE COMPENSATION

63. In response to paragraph 63 of the Complaint, Defendants repeat and reallege each of their responses to paragraphs 1 through 62 above.

64. Do not dispute the allegations contained in paragraph 64 of the Complaint that Plaintiffs have purported to bring a class action pursuant to Fed. R. Civ. P. 23, but do not waive the right to challenge the propriety of a class action in this lawsuit.

65. Deny the allegations contained in paragraph 65 of the Complaint.

66. Deny the allegations contained in paragraph 66 of the Complaint.

67. The allegations contained in paragraph 67 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, deny the allegations.

### THIRD CLAIM FOR RELIEF
### FLSA OVERTIME WAGES

68. In response to paragraph 68 of the Complaint, Defendants repeat and reallege each of their responses to paragraphs 1 through 67 above.

69. Do not dispute the allegations contained in paragraph 69 of the Complaint that Plaintiffs have purported to bring a collective action pursuant to FLSA, but do not waive the right to challenge the propriety of a collective action in this lawsuit.

70. The allegations contained in paragraph 70 of the Complaint constitute legal conclusions to which no response is required.

71. Deny the allegations contained in paragraph 71 of the Complaint.

72. Deny the allegations contained in paragraph 72 of the Complaint.

73. The allegations contained in paragraph 73 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, deny the allegations.

### FOURTH CLAIM FOR RELIEF
### NYLL OVERTIME WAGES\

74. In response to paragraph 74 of the Complaint, Defendants repeat and reallege each of their responses to paragraphs 1 through 73 above.

75. Do not dispute the allegations contained in paragraph 75 of the Complaint that Plaintiffs have purported to bring a class action pursuant to Fed. R. Civ. P. 23, but do not waive the right to challenge the propriety of a class action in this lawsuit.

76. The allegations contained in paragraph 76 of the Complaint constitute legal conclusions to which no response is required.

77. Deny the allegations contained in paragraph 77 of the Complaint.

78. Deny the allegations contained in paragraph 78 of the Complaint.

79. The allegations contained in paragraph 79 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, deny the allegations.

## FIFTH CLAIM FOR RELIEF
## NYLL UNLAWFUL DEDUCTIONS

80. In response to paragraph 80 of the Complaint, Defendants repeat and reallege each of their responses to paragraphs 1 through 79 above.

81. Do not dispute the allegations contained in paragraph 81 of the Complaint that Plaintiffs have purported to bring a class action pursuant to Fed. R. Civ. P. 23, but do not waive the right to challenge the propriety of a class action in this lawsuit.

82. The allegations contained in paragraph 82 of the Complaint constitute legal conclusions to which no response is required.

83. Deny the allegations contained in paragraph 83 of the Complaint.

84. The allegations contained in paragraph 84 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, deny the allegations.

## SIXTH CLAIM FOR RELIEF
## NEW YORK SPREAD OF HOURS

85. In response to paragraph 85 of the Complaint, Defendants repeat and reallege each of their responses to paragraphs 1 through 84 above.

86. Do not dispute the allegations contained in paragraph 86 of the Complaint that Plaintiffs have purported to bring class action pursuant to Fed. R. Civ. P. 23, but do not waive the right to challenge the propriety of a class action in this lawsuit.

87. The allegations contained in paragraph 87 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, deny the allegations.

88. The allegations contained in paragraph 88 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, deny the allegations.

## PRAYER FOR RELIEF

89. Deny the allegations contained in the Prayer for Relief.

## AFFIRMATIVE DEFENSES

As further , separate, and affirmative defenses, without assuming the burden of proof of any such defense that would otherwise rest with Plaintiffs, Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE

1. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

**THIRD AFFIRMATIVE DEFENSE**

3. If damages, which Defendants expressly deny, Plaintiffs and other putative class/collective action members have failed to make reasonable efforts to mitigate damages.

**FOURTH AFFIRMATIVE DEFENSE**

4. If damaged, which Defendants expressly deny, any damages sustained by Plaintiffs and other putative class/collective action members must be reduced on the basis of the comparative fault or negligence of Plaintiffs and other putative class/collective action members.

**FIFTH AFFIRMATIVE DEFENSE**

5. Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, waiver and/or estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

6. Plaintiffs' collective action claims fail to meet the requirements of 29 U.S.C. § 216(b).\

**SEVENTH AFFIRMATIVE DEFENSE**

7. Plaintiffs' class action claims fail to meet the requirements of Rule 23 of the Federal Rules of Civil Procedure

**EIGHTH AFFIRMATIVE DEFENSE**

8. Plaintiffs' claims fail due to lack of standing.

**NINTH AFFIRMATIVE DEFENSE**

9. Plaintiffs and other putative class/collective action members are entitled to a jury trial only as to those issues for which a jury trial is permitted by the FLSA.

**TENTH AFFIRMATIVE DEFENSE**

10. To the extent Plaintiffs and other putative class/collective action members have received other benefits and/or awards attributable to any injury for which they seek compensation in this case, such benefits and/or awards should offset, in whole or in part, any award they receive for the same injury.

Dated: April 11, 2014
      New York, New York

DAVIS & GILBERT LLP

By: s/ Gregg Brochin
    Gregg Brochin
    1740 Broadway
    New York, New York  10019
    Tel: (212) 468-4800
    Fax: (212) 468-4888
    gbrochin@dglaw.com

*Attorneys for Defendants*
*GFB Restaurant Corp., Jerry Katzoff and*
*Brian Galligan*